MONEYWEIGHT SCALE CO. v. DEIS.

(Supreme Court, Appellate Term. May 16, 1907.)

1. EVIDENCE—OPINION—CONCLUSIONS.

In an action for the price of a scale, defendant claimed that it was dishonestly constructed, and called a former employé of plaintiff, who at the time he testified was in the service of plaintiff's competitor, as a witness, and asked him whether the scale sold was an honest scale, to which he answered: "No, sir; it was manufactured dishonestly." Held, that such answer was incompetent.

2. SALES—ACTION FOR PRICE—COUNTERCLAIM—EVIDENCE.

In an action for the price of a scale, it was error to allow defendant judgment on a counterclaim without any evidence to support it.

Appeal from Municipal Court, Borough of Manhattan, Fourteenth District.

Action by the Moneyweight Scale Company against John Deis. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Davies, Stone & Auerbach (Charles E. Hotchkiss and Charles H. Tuttle, of counsel), for appellant.

Louis Hanneman, for respondent.

GILDERSLEEVE, P. J.   This action was brought to recover the sum of $40, being a balance due on the purchase price of a scale manufactured by the plaintiff and sold to the defendant by a written contract.   The cause of  action was admitted by the defendant, and his defense, stated briefly, was that the scale was warranted by the plaintiff to be accurate and correct, that the same would not weigh accurately and correctly, and that it was a false and dishonest scale, and calculated to deceive and defraud the public by giving false weight. The contract of sale contained a printed warranty, which related only to the condition of the scale at the time of its delivery, and provided that, should it get out of order at any time within two years from the date of shipment with ordinary use, the plaintiff would repair the same free of charge.

The defendant's only testimony given as to the inaccuracy of the scale was directed to its condition some two months after its delivery to and use by him for that length of time, at which time he discovered that "it did not weigh right."   The defendant's knowledge as to the incorrect action of the scale, as appears by his testimony, was obtained by seeing an inspector put a "pound weight" in the scale, when it then registered an ounce or two over the pound.   Whether or not this so-called "pound weight" was correct is not shown.   There is some testimony in the case that the defendant was "fined" for using this scale, but there is no competent evidence of that fact; the defendant's attorney admitting that there were no records in such a proceeding, except a summons served upon the defendant through the corporation counsel of the city for violation of an ordinance prohibiting the use of a fraudulent scale.   An attempt was made by the defendant to prove that the scale was, when manufactured, intended to be so constructed as to weigh incorrectly and to defraud the public when used.   The only testimony upon that point was given by a witness, a former employé of the plaintiff, and now in the service of a competitor in business, who in answer to the question, "Was that an honest scale?" answered, "No, sir: it was manufactured dishonestly."   This testimony was objected to, and a motion made to strike it out, which was denied. This testimony was clearly incompetent, and is alone sufficient to warrant a reversal of the judgment.

A clause in the defendant's answer sets forth "that an action was commenced against him in the Municipal Court of this city to recover the sum of $25 as a penalty for using said scale, and he was compelled

to pay the sum of $10 in order to save himself from having a judgment entered against him." At the close of the prayer in the answer asking for a dismissal of the complaint, the words "and for a counterclaim for $25" appear. There was not a particle of testimony given as to this alleged counterclaim, and at the close of the case the following appears in the record:

"Plaintiff's Counsel: I just wish to call your honor's attention to the fact that the inspectors who have examined these, and who are really the only experts, are not present and have not been called.

"Defendant's Counsel: The inspectors of weights and measures have been served. They are acting as witnesses in another court, and I have been expecting that they would be here. We have put in a counterclaim for $25—$10 for the fine in Brooklyn, and $15—

"The Court: Judgment for the defendant for $15. The fine I could not allow against the plaintiff. (Exception by plaintiff's counsel.)"

Judgment was therefore given in favor of the defendant for dismissal of the complaint, and for $15 on defendant's counterclaim, and for costs. Further comment on the validity of the judgment is unnecessary.

There is attached to the record a copy of an opinion delivered in the Circuit Court of the United States for the Southern District of Ohio in an action between the Toledo Computing Scale Company and this plaintiff. This opinion is not marked as evidence, if it could in any way be made such, is not referred to in the minutes, has no place in the record, has not been considered by this court, and should not have been used by the trial court.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.